(No. 85-CC-035)

RONALD A. LIEBMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 10, 1985.*

LAWRENCE S. ADELSON, of ISHAM, LINCOLN & BEALE, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This claim is before the Court of Claims following the filing of a joint stipulation whereby the parties agreed as follows:

1. Respondent Board of Governors of State Colleges and Universities is a body corporate and politic and an agency of the State of Illinois. Ill. Rev. Stat. 1981, ch. 144, par. 1001 *et seq.*

2. The claim in this cause is made against Respondent in its capacity as an agency of the State of Illinois and is brought under sections 8(a) and (b) of the Court of Claims Act. Ill. Rev. Stat. 1981, ch. 127, par. 439.1 *et seq.*

3. The claim in this cause is not made under "An Act to Provide for Representation and Indemnification etc." Ill. Rev. Stat. 1981, ch. 127, par. 1301 *et seq.*

4. Claimant, Ronald A. Lieman, was employed by the Board of Governors of State Colleges and Universities as an assistant professor in the College of Business and Administration at Chicago State University.

5. Chicago State University is an institution of higher education established by the State of Illinois; operated, managed, controlled and maintained by the Board of Governors of State Colleges and Universities, the Respondent. Ill. Rev. Stat. 1981, ch. 14, par. 1101 *et seq.*

6. During his employment as an assistant professor in the College of Education and Administration at Chicago State University, Claimant was allegedly discriminated against by reason of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000(e) *et seq.*

7. As a result of the alleged discrimination, Claimant filed charges with the Illinois Fair Employment Practices Commission and the United States Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission having duly certified that it was unable to complete its investigation within 180 days from the date said charges were filed, the United States Department of Justice issued a Right to Sue Letter to Claimant, who, thereupon, filed his complaint for equitable, declaratory, monetary and other relief as a civil action in the United States District Court of the Northern District of Illinois, Eastern Division, in Cause No. 79 CC 4256, naming the Respondent Board of Governors of State Colleges and Universities *et al.* as defendant. Exhibit A to the complaint in this cause is a true and correct copy of said complaint.

8. On April 23, 1984, after a trial of the cause, the

district court entered judgment for the Claimant consisting of an award of damages and attorney fees. Exhibit C to the complaint in this cause is a true and correct copy of said Court's Order.

9. Claimant then attempted to collect his judgment in the United States District Court, but was ultimately required to file in the Illinois Court of Claims.

10. Among other things, the United States District Court judgment provided for:

(a) Payment of $35,879.16 to Claimant, Ronald A. Liebman and

(b) Payment of $20,000 as reasonable attorney fees and costs.

11. Additionally, the Claimant has here requested interest at the annual rate of 10.81% from the date the judgment was entered to the date the Court of Claims vouchers the award, all as provided for in 28 U.S.C. sec. 1961.

12. The payments provided for in said judgment and set forth in Paragraph 10 above should be made and an award of said sums should be made by this Court together with interest thereon as is provided for in 28 U.S.C. sec. 1961.

We have reviewed the record. The joint stipulation is corroborated by the record. There is nothing more for us to consider. In matters such as the one at bar this Court is but a vehicle for a payment. Actually, whether or not this Court concurs with the parties' joint stipulation and enters an award is immaterial because if the Federal court has jurisdiction to enter an order which is the subject of this claim (and it unquestionably does) the Federal court can enforce its order and require the

State to pay regardless of any action by this Court and/ or any action by the legislature.

It is hereby ordered that the Claimant, Ronald A. Leibman, be and is hereby awarded the sum of $35,879.16 plus $20,000.00 in attorney fees plus interest thereon from the date of the judgment entered in the United States District Court at the annual rate of 10.81%.